The Honorable Dan Thimesch State Representative, 93rd District 30121 W. 63rd Street South Cheney, Kansas 67025
Dear Representative Thimesch:
You inquire whether there is any state liability for damage when the Division of Water Resources issues a permit for the construction of a new bridge or other stream obstruction and there is subsequent damage to a downstream landowner as a result of the new bridge.
You indicate that your question arises in the context of a 1996 Kansas Supreme Court case, Johnson v. Board of County Commissioners of PrattCounty.[1] In that case, the plaintiff sued the County and the engineering firm for negligent design and construction of a new bridge seeking recovery for repeated erosion damage from flooding allegedly caused by the new structure. The Court held that the County was liable because, as a landowner, the County has a duty not to cause substantial injury to downstream property when the County replaced the bridge.[2]
 COUNTY'S TORT CLAIMS DEFENSE
In Johnson, the Court noted that the failure to obtain a channel alteration permit was relevant to the applicability of the County's tort claims exemption defense found at K.S.A. 2001 Supp. 75-6104(m)[3]
dealing with an improvement to public property. A county, as a governmental entity, is subject to the Kansas Tort Claims Act, which imposes liability for damages caused by negligent acts under circumstances where the governmental entity, if a private person, would be liable, unless an exception applies. The exception found at K.S.A. 2001 Supp. 75-6104(m) exempts the plan for the construction of or the design of an improvement to public property if the plan or design is approved in advance of construction or improvement by the governing body "exercising discretionary authority to give such approval" and if the design is prepared "in conformity with the generally recognized and prevailing standards in existence at the time such plan or design was prepared." Because Pratt County did not obtain prior approval[4] from the Division of Water Resources, the agency that exercises discretionary authority over channel alterations,[5] the Court found that the public improvement exemption defense in the Tort Claims Act did not apply to provide immunity to the County from liability.[6]
The case stands for the proposition that an upstream landowner who constructs or replaces a watercourse obstruction has a duty to downstream landowners not to cause damage to downstream property and if the upstream landowner is a governmental agency, the Tort Claims Act requires compliance with the statutory requirements found in the Stream Obstructions Act in order for the public improvement exemption in the Tort Claims Act to have application. The Court did not, however, find that the Division of Water Resources has a duty to a downstream landowner as a result of the permit process. Addressing the permit process, the Court noted that compliance with K.S.A. 82a-301 "may either have prevented or reduced the damages alleged by the Johnsons"[7] and stated: "We suggest that appropriate state agencies and governmental subdivisions comply with the statutory permit requirements."[8]
The permit process is implicated when any person, partnership, association, corporation, agency or political subdivision makes one or more of four changes. K.S.A. 82a-301, as amended by L. 2002, Ch. 138, § 4, states:
"Without the prior written consent or permit of the chief engineer of the division of water resources of the Kansas department of agriculture, it shall be unlawful for any person, partnership, association, corporation or agency or political subdivision of the state government to: (1) Construct any dam or other water obstruction; (2) make, construct or permit to be made or constructed any change in any dam or other water obstruction; (3) make or permit to be made any change in or addition to any existing water obstruction; or (4) change or diminish the course, current, or cross section of any stream within this state. Any application for any permit or consent shall be made in writing in such form as specified by the chief engineer. Jetties or revetments for the purpose of stabilizing a caving bank which are properly placed shall not be construed as obstructions for the purposes of this section."
The permit process in the statute is intended to determine if the proposed plan or change creates an unreasonable threat to the public safety or property.[9] The Stream Obstructions Act does not create a duty on the Division of Water Resources to protect a downstream landowner affected by the permitee's structure or water displacement. The Court inJohnson did not find that the Division of Water Resources has any duty outside that which is established by the statute. Thus, the Court's decision in Johnson, in our opinion, does not serve as a basis for imputing liability to the Division of Water Resources for damage to a downstream landowners affected by a change that is subject to the permit process found in K.S.A. 82a-301, as amended. We note that is beyond the scope of this opinion to address the existing case law concerned with liability incurred when an upstream landowner is a governmental agency and argues that a different exemption of the Tort Claims Act applies to immunize the agency from liability.[10]
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] 259 Kan. 305 (1996).
[2] Dougan v. Rossville Drainage District, 243 Kan. 315, 319 (1988) (citations omitted.) See also K.S.A. 24-105 (duty of a landowner or proprietor not to obstruct or collect for discharge surface water to the damage of an adjacent owner or proprietor.)
[3] 259 Kan. at 324.
[4] The County sought approval for the bridge three years after it was built. 259 Kan. at 319.
[5] K.S.A. 82a-301 et seq.
[6] 259 Kan. at 319.
[7] 259 Kan. at 325.
[8] Id.
[9] K.S.A. 82a-301a (the legislative intent of the Act is to provide exclusive jurisdiction over stream obstructions for the "protection of public safety"). See K.S.A. 82a-302; 82a-303b as amended by L. 2002, Ch. 138, § 4.
[10] Dougan v. Rossville, 270 Kan. 468, 484 (2000) citing Dougan v.Rossville Drainage District, 243 Kan. 315, 325 (1988) (when a legal duty is exists, a governmental agency cannot use the discretionary function exception in the Kansas Tort Claims Act to avoid liability.)